# Supreme Court of Texas

No. 23-0244

Texas Commission on Environmental Quality,

*Petitioner*,

v.

Ken Paxton, Attorney General of Texas, and Sierra Club,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE BUSBY, joined by Justice Lehrmann, dissenting.

Recognizing that "government is the servant and not the master of the people," the Legislature has made it "the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE § 552.001(a). The Public Information Act generally obligates state agencies to disclose information prepared in connection with official business promptly upon request, limits agencies' ability to make follow-up inquiries of requestors, and requires an agency attempting to withhold responsive information based on an exception to seek an

opinion from the Attorney General within ten business days after receiving the request. *Id.* §§ 552.002, .021, .221(a), .222, .301. The Legislature has directed the courts to construe these provisions "to implement this [complete-information] policy" and "in favor of granting a request for information." *Id.* § 552.001(a), (b).

Yet today, the Court excuses a state agency's untimely attempt to withhold responsive information produced in connection with official business, reasoning that the agency reset its ten-business-day deadline by asking the requestor whether it was seeking confidential information. This approach is error for three separate and independent reasons.

*First*, the Court fails to assess the agency's follow-up inquiry in light of the actual dispute in this case. One of the few permissible agency inquiries is to "discuss with the requestor how the scope of a request [for a large amount of information] might be narrowed." *Id.* § 552.222(b). Here, the agency asked the requestor "whether your request is seeking confidential information." But the agency does not contend that any responsive documents are confidential. Thus, its question about confidentiality could not initiate a discussion about how the scope of this particular request might be narrowed.

The only basis on which the agency sought to withhold documents is the agency memorandum exception. That exception does not label memoranda confidential; it makes their disclosure optional. *See Univ. of Tex. at Austin v. GateHouse Media Tex. Holdings II, Inc.*, 711 S.W.3d 655, 658 (Tex. 2024) (explaining that "confidential information that is prohibited from disclosure" and "information excepted from mandatory

2

(but not voluntary) disclosure" are "distinct categories" under the Act); *see also* TEX. GOV'T CODE § 552.111 (providing that memoranda are "excepted from the [mandatory disclosure] requirements of Section 552.021"). Because the agency's irrelevant inquiry about confidentiality would not have narrowed the information it "might have to produce or contest," as the Court contends (*ante* at 6), that inquiry was prohibited by the Act. *See* TEX. GOV'T CODE § 552.222(a).

*Second*, the Court fails to give effect to the statutory requirement that a permissible inquiry must seek to "narrow[]" the "scope of a request." *Id.* § 552.222(b). Even if this dispute really were about whether some responsive information is confidential under the Act, a requestor is not entitled to receive confidential information. *Id.* § 552.101. Thus, an agency asking the requestor whether the scope of its request includes confidential information is essentially asking whether the requestor wants information it cannot have. Such a seemingly nonsensical question is not a "narrowing" inquiry because the answer will not alter the universe of documents the requestor can expect to receive. Nor will a requestor typically have any idea whether responsive documents it has not seen are confidential, which makes the question difficult, if not impossible, to answer.

Although the agency's question regarding confidentiality had no impact on the scope of the request, it hints at a meaningful question from a process perspective. If an agency determines that responsive documents are confidential, it cannot withhold those documents unless the Attorney General agrees after review, which takes additional time. *Id.* §§ 552.301, .306. As the Court rightly points out, the Legislature has

allowed a requestor who wants a response quickly to choose a more abbreviated process. Specifically, the Act authorizes a public information request form that asks, as part of the request, whether the requestor wishes to exclude information that *the agency determines* is confidential or excepted from disclosure.[1]

Thus, the Legislature knows how to authorize a procedural inquiry into whether the requestor wants the agency rather than the Attorney General to have the final say on confidentiality, and it chose to do so only as part of the "request form" while prohibiting inquiries following a request except on a few other matters. *Compare id.* § 552.222 *with id.* § 552.235(a).[2] The process question of whom the requestor selects as the ultimate decisionmaker on confidentiality—the agency or the Attorney General—may not be asked following a request because it does not address "*what* information is *requested*" or "how the scope of [the] *request* might be narrowed." *Id.* § 552.222(b) (emphases

---

[1] *See* TEX. GOV'T CODE § 552.235(a) ("The attorney general shall create a public information request form that provides a requestor the option of excluding from a request information *that the governmental body determines* is: (1) confidential; or (2) subject to an exception to disclosure that the governmental body would assert if the information were subject to the request." (emphasis added)).

The italicized language was missing from the agency's question to the requestor here. Without such language, as discussed above, the question is nonsensical and difficult to answer. But when such language is included in the request form, the procedural purpose of the question becomes clear: do you want the Attorney General to review the agency's decision on confidentiality?

[2] The Court implies that this plain-language reading of the statutes results in a conflict, but it does not explain why. Nor can it: there is no inconsistency in permitting an action at an earlier stage of an administrative process while prohibiting it at a later stage.

4

added). The Attorney General might or might not agree with the agency's determination that particular documents responsive to the request should be withheld as confidential, but that potential disagreement is not relevant to the scope of the request itself. And in any event, there was no way for the parties to know at the time of the agency's inquiry whether selecting the agency or the Attorney General would result in "more documents" or "fewer documents" being provided.

It is not hard to understand why the Legislature limited post-request inquiries in this manner: allowing agencies to ask lots of follow-up questions would deter, burden, and delay the public's exercise of its right to know what its agents are doing with public money. Courts may not second-guess these policy choices embodied in the Act's plain text by asserting that they "can't be right." *Ante* at 10.

*Third*, the Court restarts the mandatory ten-business-day deadline to seek an Attorney General opinion even though the Act makes clear that the period starts when the request is received. *See* TEX. GOV'T CODE § 552.301(b) ("The governmental body *must* ask for the attorney general's decision and state the specific exceptions that apply within a reasonable time but *not later than* the 10th business day after the date of *receiving* the written request." (emphases added)). The Act prioritizes swift action throughout, generally requiring agencies and the Attorney General to respond "promptly" or "without delay," imposing short deadlines for them to take particular actions, and allowing them to "extend" a deadline by following clear procedures in only a few

situations not applicable here.[3]  Importantly, the Act is not silent regarding the consequence of failing to seek an opinion timely: it specifies that the requested information "is presumed to be subject to required public disclosure and *must be released* unless there is a compelling reason to withhold the information." *Id.* § 552.302 (emphasis added); *see Image API, LLC v. Young*, 691 S.W.3d 831, 843 (Tex. 2024) (explaining that "when an agency fails to comply with a statutory duty," courts impose the "consequences that are explicit in the statutory text").

The Court concludes, however, that restarting the clock follows from *City of Dallas v. Abbott*, 304 S.W.3d 380 (Tex. 2010).  I agree with the Attorney General that *City of Dallas* does not apply.  According to our opinion in that case, the ten-day deadline runs from the date a request is clarified or narrowed when "the circumstances are that a request is so unclear or overbroad that a government entity, acting in good faith, cannot understand what is requested" or cannot "accurately identify and locate the requested items." *Id.* at 386, 387.  That seems like a sensible policy.  But no one seriously contends in this Court that the agency could not understand the request—which the Court aptly characterizes as "pellucid," *ante* at 8—or identify responsive documents. I would not extend *City of Dallas* beyond these categories given its lack of support in the Act's text.

The Court notes that a request is deemed withdrawn if the agency does not receive a response to a proper narrowing inquiry within sixty-one days.  *See* TEX. GOV'T CODE § 552.222(d).  And it worries that

---

[3] *E.g.*, TEX. GOV'T CODE §§ 552.221(a), (d), .231(c), .2325(b), .306(a).

6

unless the ten-day period to seek an opinion restarts when the response is received, the Attorney General might waste resources evaluating a request that could change or disappear. *Ante* at 7. That worry is unfounded in this case. The agency sent its request on the first of its ten business days, and the requestor responded *within minutes*. Thus, the agency lost almost none of its ten-business-day window to gather responsive documents and decide whether to request an Attorney General opinion, and none of the Attorney General's work was wasted.

When a statute requires a party to act within a certain time period and the party is able to act within that period, courts are not free to ignore the legislative command and give the party more time in which to act. For example, when a party is prevented from bringing suit for part of a limitations period but can still do so by exercising diligence before the period ends, it cannot rely on equitable tolling. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010); *see also Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 670 S.W.3d 622, 629-630 (Tex. 2023) (rejecting broad "legal impediment" tolling). Agencies seeking to withhold public information should not get special treatment unavailable to any other party, particularly in the face of tight timelines and stated policies favoring disclosure.

\* \* \*

For each of these three independent reasons, the agency cannot rely on its question about confidential information to extend the ten-business-day deadline to seek an Attorney General opinion. Although I agree with the Court that the mailbox rule applies, that

holding alone is insufficient to save the agency's opinion request from being untimely.[4]  I respectfully dissent.

J. Brett Busby
Justice

**OPINION FILED:** April 17, 2026

---

[4] The agency does raise a third issue, contending that the court of appeals erred in concluding that July 5, 2019 (a non-holiday weekday) counted as a business day even though the agency was closed.  In my judgment, this issue is not important to our jurisprudence: it will not recur because the statute has since been amended to allow agencies to designate days on which their offices are closed as nonbusiness days.  *See* Act of May 26, 2023, 88th Leg., R.S., ch. 847, § 1, 2023 Tex. Gen. Laws 2633, 2634 (codified at TEX. GOV'T CODE § 552.0031(f)).  Thus, like the Court but for a different reason, I decline to review this issue.  *Cf.* TEX. R. APP. P. 56.1(b)(1); *Walker v. Baptist St. Anthony's Hosp.*, 703 S.W.3d 339, 345 & nn.3-4 (Tex. 2024).